UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
KENNETH PAGLIAROLI,            :
                               :
            Plaintiff,         :      Civ. No. 18-12412 (FLW)
                               :
    v.                         :
                               :
NEW JERSEY DEPARTMENT OF       :      **OPINION**
CORRECTIONS et al.,            :
                               :
            Defendants.        :
_____:

**FREDA L. WOLFSON, U.S.D.J.**

## I. INTRODUCTION

Plaintiff, Kenneth Pagliaroli ("Pagliaroli" or "Plaintiff"), a state prisoner, presently incarcerated at New Jersey State Prison ("NJSP"), in Trenton, New Jersey, is proceeding *pro se* with a Complaint asserting, in relevant part, civil rights claims under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act ("NJCRA"). Presently before the Court is a motion to dismiss the Complaint and Amended Complaint filed by Defendants State of New Jersey, New Jersey Department of Corrections ("NJDOC"), SCO Kern, and SCO Boone (collectively referred to as the "Moving Defendants"). ECF No. 42.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Original Complaint in this matter was filed in the Superior Court of New Jersey, Law Division, Mercer County on April 25, 2018, and asserted federal and state law claims arising from Plaintiff's diagnosis of bladder cancer and a neck injury. The neck injury occurred during Plaintiff's transportation from the hospital to NJSP after bladder surgery on April 19, 2016. ECF No. 1, Complaint at Ex. A.

1

The Original Complaint was removed by Defendant Abu Ahsan, M.D. on August 2, 2018, with the consent of Defendant Dr. Ihuoma Nwachukwu, the State of New Jersey and the NJDOC. ECF No. 1, Notice of Removal, ¶ 5. Defendant Ahsan indicated a belief that other Defendants had not yet been served. *Id.*

Defendants Ahsan, Nwachukwu, The State of New Jersey, and NJDOC subsequently filed individual motions to dismiss the Original Complaint, ECF Nos. 6, 16, 17, 18, which were granted by the Court on March 28, 2019. ECF Nos. 35-36. On March 28, 2019, the Court dismissed <u>with prejudice</u> the § 1983 and NJCRA claims against the State of New Jersey and the NJDOC, dismissed <u>without prejudice</u> the Eighth Amendment claims of inadequate medical treatment against Defendants Ahsan and Nwachukwu, and declined to reach the state law claims for medical negligence in the absence of a viable federal claim. *See id.* The Court provided Plaintiff with leave to amend to cure the deficiencies in his claims. Plaintiff filed an Amended Complaint on May 1, 2019. ECF No. 39.

In the meantime, on March 19, 2019, summons was issued as to SCO Boone and SCO Kern. On March 26, 2019, summons was returned executed as to SCO Boone and unexecuted as to SCO Kern.[1] The service issues were resolved, and on July 11, 2019, the State of New Jersey, the NJDOC, SCO Kern, and SCO Boone moved to dismiss the Original and Amended Complaints, and the matter is fully briefed. ECF Nos. 42, 46, 48.

The Court recounts only those facts that are relevant to the instant motion to dismiss. Plaintiff's Original Complaint is divided into two distinct sections: "Bladder Cancer" and "Neck Injury." *See* On April 19, 2016, Plaintiff was being transferred back from the hospital to the

---

[1] In their motion, the State Defendants assert that Plaintiff served a person named SCO D. Boone, and not Defendant SCO Boone. ECF No. 42-1, Moving Brief at 4.

prison after undergoing surgery to remove a bladder tumor. He was transported in a van by defendants S.C.O. Kern and S.C.O. Boone. ECF No. 1 at 16. Plaintiff was handcuffed and "hooked up to a catheterization [urine] bag strapped to [his] side" and requested to sit in the middle of the van because he had been injured in a transport van before. *Id.* Plaintiff had no seatbelt and only a safety strap that was difficult to hold. *Id.* The van driver drove erratically, swerving, speeding, and slamming on the brakes, causing Plaintiff to be thrown head first against the wall of the van so hard that he lost consciousness. *Id.*

After Plaintiff regained consciousness, his legs felt numb and tingly, and he could not move them. After the van arrived at NJSP, SCO Kern and SCO Booth opened the door to the van, asked Plaintiff if he was okay, and told him to sit up. Plaintiff was taken to the medical department in a wheelchair upon arriving at the prison. *Id.* at 16–17.

Plaintiff, who was 64 at the time of the incident, describes this incident as a "ruff [sic] ride" and a "joyride" and asserts the driver of the van wanted to "see an elderly person bounced around for fun." *Id.* at 18. Plaintiff has permanent neck injuries from this incident. *Id.* at 18.

The Amended Complaint alleges that "Plaintiff injured his neck on May 19, 2016 coming back from the hospital going to New Jersey State Prison." ECF No. 39, Amended Complaint at ¶ 82. The Amended Complaint further alleges that "Plaintiff was subjected to harm and injury by Defendants SCO G. Kern and SCO D. Boone, who during transportation subjected Plaintiff to harm and injury because of reckless driving." *Id.* at ¶ 86. The only causes of action asserted in the Amended Complaint are violations of Plaintiff's Eighth Amendment right to be free of Cruel and Unusual Punishment.

### III. STANDARD OF REVIEW

In resolving a motion to dismiss for failure to state a claim, under Rule 12(b)(6), "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)); *see also Zimmerman v. Corbett*, 873 F.3d 414, 417–18 (3d Cir. 2017), *cert. denied* 138 S. Ct. 2623 (2018); *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Glunk v. Noone*, 689 F. App'x 137, 139 (3d Cir. 2017). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### IV. ANALYSIS

Plaintiff has sued the State Defendants for civil rights violations under 42 U.S.C. § 1983 and the NJCRA.[2] As a general matter, a plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. That section provides,

---

[2] "New Jersey Courts 'have consistently looked to federal § 1983 jurisprudence for guidance' and have 'repeatedly interpreted NJCRA analogously to § 1983.'" *Ingram v. Township of Deptford*, 911 F. Supp.2d 289, 298 (D.N.J. 2012)(quoting (*Gonzalez v. Auto Mall 46*, Inc., Nos. 2412–09 & 216–10, 2012 WL 2505733, at *4 (N.J. Super. Ct. App. Div. July 2, 2012)(citing *Rezem Family Assocs., LP v. Borough of Millstone*, 423 N.J. Super. 103 (2011), *cert. denied*, 208 N.J. 366 (2011)(additional citations omitted); *see also Murphy v. New Jersey Dep't of Corr.*, 2017 WL 2482878, at *2 (D.N.J., 2017). The Court considers the §1983 and NJCRA claims together.

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

### a. The Personhood Requirement

The State Defendants assert that Plaintiff's civil rights claims must be dismissed as against them, as they are not "persons" subject to suit under § 1983. ECF No. 42-1, Moving Brief at 19. As the Court explained in its prior Opinion, neither a State itself nor a department of a State is considered a "person" for the purposes of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65–66 (1989); *see also Jones v. Minner*, 752 F. App'x 112, 113 (3d Cir. 2019); *Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 854 (3d Cir. 2014). Similarly, as a claim against a state official in his or her official capacity is essentially a claim against the state, § 1983 claims are not permitted against state officials in their official capacities, except to the extent that such claims seek prospective injunctive relief. *Will*, 491 U.S. at 71, & n.10 (1989). As the NJCRA is interpreted in the same manner as § 1983, the State and its agencies are also not considered "persons" for the purposes of NJCRA liability. *Didiano v. Balicki*, 488 F. App'x 634, 637–39 (3d Cir. 2012); *see also Estate of Lagano*, 769 F.3d at 856.

5

Accordingly, all claims against the State of New Jersey and the NJDOC under § 1983 and the NJCRA are dismissed <u>with prejudice</u>. Likewise, the § 1983 and NJCRA claims <u>for damages</u> against SCO Kern and SCO Boone in their official capacities are dismissed <u>with prejudice</u>.[3]

### b. PLRA Exhaustion Need Not be Pleaded in the Complaint

The State Defendants also argue that the Complaint should be dismissed for failure to exhaust administrative remedies. Specifically, the State Defendants assert that Plaintiff "fails to plead that he filed a grievance in accordance with N.J.A.C. 10A:1-4.5." ECF No. 42-1, Moving Brief at 13.

The Prisoner Litigation Reform Act of 1995 ("PLRA") provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016); *Ball v. Famiglio*, 726 F.3d 448, 456 (3d Cir. 2013), *abrogated on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759 (2015). The exhaustion requirement is mandatory and, thus, bars an inmate from commencing such an action without first properly exhausting available administrative remedies. *Ross*, 136 S. Ct. at 1856; *Woodford v. Ngo*, 548 U.S. 81, 85, 93–94 (2006). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also Coulston v. Glunt*, 665 F. App'x 128, 132 (3d Cir. 2016).

As explained in the Court's prior Opinion, failure to exhaust administrative remedies is an affirmative defense, which the defendant bears the burden to plead and prove. *Jones v. Bock*,

---

[3] Plaintiff does not seek injunctive relief from these Defendants.

549 U.S. 199, 216 (2007); *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003). Inmates are not required to plead or demonstrate exhaustion in their complaints. *Id.* For this reason, the Court will deny without prejudice the motion to dismiss for failure to plead exhaustion of administrative remedies. At the appropriate time, State Defendants are free to file a motion for summary judgment on exhaustion of administrative remedies.

### c. Timeliness

The State Defendants also argue that Plaintiff's civil rights claims are untimely. ECF No. 42-1, Moving Brief at 11-12. Congress has not codified a statute of limitations applicable to suits for the vindication of civil rights and has instead "determined that gaps in federal civil rights acts should be filled by state law, as long as that law is not inconsistent with federal law." *Hardin v. Straub*, 490 U.S. 536, 538 (1989). "[A] § 1983 claim is governed by the statute of limitations that applies to personal injury tort claims in the state in which such a claim arises." *Kach v. Hose*, 589 F.3d 626, 639 (3d Cir. 2009); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Cito v. Bridgewater Township Police Dept.*, 892 F.2d 23, 25 (3d Cir. 1989). Additionally, a state's tolling principles also govern § 1983 claims when they do not conflict with federal law. *Id.* Under New Jersey law, there is a two-year statute of limitations period for personal-injury torts. N.J. Stat. Ann. § 2A:14-2.

While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, *Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir.2002), the Supreme Court observed in *Jones*, 549 U.S. at 215, that if the allegations of a complaint, "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." Nevertheless, in *Pearson v. Secretary Dept. of Corrections*, 775 F.3d 598, 603 (3d Cir. 2015),

7

the Third Circuit, applying Pennsylvania law, held that the statute of limitations for civil rights claims is tolled while a prisoner exhausts his administrative remedies.

Here, the underlying incident occurred on April 19, 2016, and the Complaint was filed in state court on April 26, 2018, two years and one week after the April 19, 2016 incident. Defendants have not addressed whether New Jersey has a tolling statute similar to Pennsylvania statute considered in *Pearson*, which would entitle Plaintiff to tolling of the limitations period while he exhausts his administrative remedies. Furthermore, it is unclear whether Plaintiff exhausted his administrative remedies or how long that process took, and these issues are not ripe for determination on a motion to dismiss. Finally, given that Plaintiff filed his Complaint within a week of the two-year limitations period, it is possible that Plaintiff may have another basis for equitable tolling; thus, it is not obvious on the face of the complaint that Plaintiff's Original Complaint was filed beyond the applicable the statute of limitations. *See, e.g., Lomax v. Tennis*, 708 F. App'x. 55, 57 (3d Cir. 2017). For these reasons, the Court is unable to determine whether the Complaint is timely, and will therefore deny without prejudice the motion to dismiss on timeliness grounds.

### d. Remaining Civil Rights Claims Against SCO Kern and SCO Boone

The Court now considers the remaining civil rights claims against Defendants SCO Kern and SCO Boone in their personal capacities. The Moving Defendants assert that Plaintiff fails to state a claim against them for deliberate indifference to his serious medical needs. ECF No. 42-1, Moving Brief at 14-17.

In its Prior Opinion, the Court construed Plaintiff's Original Complaint as asserting claims for inadequate medical treatment in violation of the Eighth Amendment and the NJCRA.[4] Notably, however, SCO Kern and SCO Boone had not been served and did not move for dismissal of the Original Complaint, and the Court addressed only the allegations against the moving defendants, including Defendants Ahsan and Nwachukwu, who are medical doctors. As such, the Court did not address the factual allegations against SCO Kern or SCO Boone in its prior Opinion.[5]

Plaintiff's civil rights claims against SCO Kern and SCO Boone arise under the Eighth Amendment. "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation and internal quotation marks omitted). A prisoner's right to be free of "cruel and unusual punishment in violation of the Eighth Amendment, [is] made applicable to the States by the Fourteenth [Amendment]." *Estelle v. Gamble*, 429 U.S. 97, 101 (1976).

Because Moving Defendants have framed the claims against them as inadequate medical care, the Court first considers whether Plaintiff states a § 1983 claim for deliberate indifference to Plaintiff's serious medical needs against Defendants SCO Kern and/or SCO Boone. An

---

[4] The Court also construed a state law claim for the tort of medical malpractice. Because SCO Kern and SCO Boone are not medical professionals, the Court does not construe a state law claim for medical negligence against these Defendants.

[5] "[I]n general, an amended pleading—like the amended complaint here—supersedes the earlier pleading and renders the original pleading a nullity." *Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017) (citing *W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013); 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2010)). Here, Plaintiff, who is proceeding pro se, was given leave to submit an Amended Complaint as to Defendants Ahsan and Nwachukwu and may not have realized that his Amended Complaint would replace the original with respect to Defendants SCO Kern and SCO Boone. The Court will therefore construe both Complaints together. Going forward, Plaintiff is advised that any amended complaint will replace all prior complaints in this matter.

incarcerated plaintiff asserting a claim for inadequate medical care under the Eighth Amendment must show the existence of a serious medical need and that facility staff demonstrated deliberate indifference to that medical need. *Pearson*, 850 F.3d at 534; *Mattern v. City of Sea Isle*, 657 F. App'x 134, 138 (3d Cir. 2016); *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009). To state a § 1983 claim for deliberate indifference to serious medical needs, a prisoner must plead facts indicating: (1) a serious medical need; and (2) conduct on the part of each prison official that constitutes deliberate indifference to that need. *See Estelle*, 429 U.S. at 106; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). As relevant here, Courts have found deliberate indifference where an official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

In his Original Complaint, Plaintiff asserts that when SCO Kern and SCO Boone opened the van door, he complained of neck and head pain, and the officers "sent for medical care." Complaint at 16. To the extent Plaintiff had a serious medical condition, it appears that SCO Kern and SCO Boone did not deny or delay such medical care to Plaintiff. As such, the Court will dismiss without prejudice the Eighth Amendment § 1983 claims for inadequate medical care against these Defendants for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6).

That is not the end of the matter, however, as Plaintiff's Original and Amended Complaint plainly allege that SCO Kern and SCO Boone recklessly transported him in a van on April 19, 2016, causing serious him injury. Plaintiff therefore appears to assert a separate Eighth

Amendment claim and/or state law claims in the context of prisoner transportation.[6] Moving Defendants, however, do not acknowledge the facts giving rise to this separate Eighth Amendment § 1983 claim or provide any basis for its dismissal, and the Court does not address this claim (or claims) in the instant Opinion.

## V.     CONCLUSION

For the reasons explained in this Opinion, the § 1983 claims against the State of New Jersey and the NJDOC are dismissed <u>with prejudice</u> as these entities are not persons under § 1983. The § 1983 claims for damages against SCO Kern and SCO Boone <u>in their official capacities</u> are likewise dismissed <u>with prejudice</u>. The Eighth Amendment § 1983 claims for failure to provide adequate medical care against SCO Kern and SCO Boone in their personal capacities is dismissed <u>without prejudice</u> for failure to state a claim for relief pursuant to Fed. R.

---

[6] The deliberate indifference standard generally applies to cases alleging failures to safeguard the inmate's health and safety, including failing to protect inmates from attack, maintaining inhumane conditions of confinement, or failing to render medical assistance. *See Farmer*, 511 U.S. at 834; *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). The deliberate indifference standard is a two-pronged test: (1) the prisoner must be exposed to "a substantial risk of serious harm," and (2) the prison official must know of and disregard that substantial risk to the inmate's health or safety. *Farmer*, 511 U.S. at 834, 837–38. In excessive force cases, on the other hand, courts must determine "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992). Federal courts have recognized so-called "rough ride" claims under both standards. *See, e.g., Thompson v. Commonwealth of Virginia*, 878 F.3d 89, 101–02 (4th Cir. 2017) (finding that the plaintiff alleged facts from which a reasonable factfinder could conclude that the defendant maliciously subjected him to a "rough ride" and sufficiently alleged an Eighth Amendment excessive force claim sufficient to survive summary judgment); *Brown v. Fortner*, 518 F.3d 552, 560 (8th Cir. 2008) (refusing to provide seatbelt to shackled prisoner, driving recklessly, and ignoring warnings to slow down was evidence that Defendant knew of and disregarded a substantial risk harm to Plaintiff); *Williams v. City of Philadelphia Office of Sheriff*, 2020 WL 315594, at *6-7 (E.D. Pa. Jan. 21, 2020) (collecting cases from the Fourth, Fifth, and Eighth Circuits applying deliberate indifference standard). The Court need not decide the standard to apply here because Defendants have not moved to dismiss this claim. Nor does the Court decide whether Plaintiff states any state law claims arising from the same facts.

Civ. P. 12(b)(6). As explained above, the Court construes Plaintiff to assert a separate Eighth Amendment § 1983 claim against Defendants SCO Kern and SCO Boone in the context of prisoner transportation. Because Moving Defendants have not addressed this claim or claims, SCO Kern and Defendant SCO Boone shall not be terminated from the docket. An appropriate Order follows.

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge

DATED: February 26, 2020