<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| KENNETH PAGLIAROLI, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 18-12412 (GC) (TJB) |
| | : | |
| v. | : | |
| | : | |
| NEW JERSEY DEPARTMENT OF | : | **OPINION** |
| CORRECTIONS, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

<u>**CASTNER, District Judge**</u>

**I.      INTRODUCTION**

Plaintiff, Kenneth Pagliaroli ("Plaintiff" or "Pagliaroli"), is a state prisoner incarcerated at the New Jersey State Prison ("NJSP"). He is proceeding *pro se* with this civil action. Presently pending before this Court is Defendants D. Boone's and G. Kern's, (hereinafter the "Moving Defendants") Motion for Summary Judgment. (*See* ECF 119). Plaintiff did not file a response in opposition to Moving Defendants' Motion for Summary Judgment. For the following reasons, Moving Defendants' Motion for Summary Judgment is granted.

**II.     FACTUAL AND PROCEDURAL BACKGROUND**

The circumstances giving rise to Plaintiff's claims against the Moving Defendants occurred when the Moving Defendants transported Plaintiff back to NJSP from the hospital on April 19, 2016. (*See* Moving Defs.' Statement Material Facts Not in Dispute, ECF 119-2 ¶ 2). As part of Plaintiff's transport back to NJSP, he was driven in two vans; the first drove Plaintiff to another prison, while the second van drove Plaintiff back to NJSP. (*See id.* ¶ 3). Plaintiff complains about his transport in this second van. (*See id.* ¶ 4).

Plaintiff stated in his deposition that the van drove at fast speeds, made sharp turns and hit the brakes hard, but stated that he did not know how fast the van was traveling. (*See id.* ¶¶ 11, 13). At one point, the van came to a stop, but then accelerated and made a right-hand turn. (*See id.* ¶ 14). This caused Plaintiff to hit the wall of the van and hit his head knocking him unconscious. (*See id.* ¶¶ 15, 16).

Moving Defendants stopped the van because Plaintiff was unconscious. (*See id.* ¶ 17). When Plaintiff regained consciousness, Moving Defendants had already opened the side door to the van and asked Plaintiff if he was alright. (*See id.* ¶¶ 18, 19). Moving Defendants then drove Plaintiff back to NJSP where he was placed in a wheelchair and taken to the medical department where a nurse then examined him. (*See id.* ¶¶ 20-22).

Plaintiff initially filed his Initial Complaint in state court against numerous defendants. This matter was then removed to federal court. On May 1, 2019, Plaintiff filed an Amended Complaint. (*See* ECF 39). Plaintiff brought his Amended Complaint pursuant to 42 U.S.C. § 1983 (*see id.* at 1), sought relief pursuant to the Eighth Amendment to the United States Constitution (*see id.* at 13-14) and alleged that the Moving Defendants subjected him to harm and injury because of their reckless driving.[1] (*See id.* at 13). Moving Defendants then filed a Motion to Dismiss. (*See* ECF 42). Plaintiff's claims for damages against the Moving Defendants in their official capacities

---

[1] The Court also construed Plaintiff's Amended Complaint as asserting claims against the Moving Defendants under the New Jersey Civil Rights Act ("NJCRA"). *See Pagliaroli v. New Jersey Dep't of Corr.*, No. 18-12412, 2020 WL 914666, at *1 (D.N.J. Feb. 26, 2020). As this Court noted, Plaintiff's NJCRA claims against the Moving Defendants are interpreted analogously to Plaintiff's § 1983 claims in this instance. *See Pagliaroli*, 2020 WL 914666, at *2 n.2 (citing *Ingram v. Township of Deptford*, 911 F. Supp.2d 289, 298 (D.N.J. 2012) (other citations omitted). Neither the Initial nor the Amended Complaint refer to any other state law claims against the Moving Defendants. Plaintiff had the opportunity to raise such claims in a subsequent amendment or state in response to Moving Defendants Motion for Summary Judgment that his Initial/Amended Complaint included additional state law claims. Having failed to do so, this Court will not read any possible additional state law claims into the Initial/Amended Complaint that Plaintiff *could* have, but chose not to raise, besides under the NJCRA.

under § 1983 were dismissed with prejudice. Furthermore, Plaintiff's claims against the Moving Defendants in their individual capacities for failing to provide adequate medical care were dismissed without prejudice for failure to state a claim upon which relief may be granted. However, the Court construed the Amended Complaint as also asserting a separate Eighth Amendment claim against the Moving Defendants related to their transport of Plaintiff. Because Moving Defendants did not address this claim in their Motion to Dismiss, this claim remained.

In June 2022, Moving Defendants filed the instant Motion for Summary Judgment. (*See* ECF 119). Moving Defendants seek summary judgment on Plaintiff's federal claims for three reasons; they are as follows:

1. Plaintiff has not adduced evidence supporting a claim against them under the Eighth Amendment.
2. Moving Defendants are entitled to qualified immunity.
3. Plaintiff's federal claims are barred by the statute of limitations.

Plaintiff did not file a response in opposition to Moving Defendants' Motion for Summary Judgment.

### III.     LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law" and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude the Court from granting a motion for summary judgment. *See id.*

A party moving for summary judgment has the initial burden of showing the basis for its motion and must demonstrate that there is an absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A party asserting that a fact [is not] genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents . . ., affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). After the moving party adequately supports its motion, the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (internal quotation marks omitted). To withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict the moving party. *See Anderson*, 477 U.S. at 250. "[I]f the non-movant's evidence is merely 'colorable' or is 'not significantly probative,' the court may grant summary judgment." *Messa v. Omaha Prop. & Cas. Ins. Co.*, 122 F. Supp. 2d 523, 528 (D.N.J. 2000) (quoting *Anderson*, 477 U.S. at 249-50). "If reasonable minds could differ as to the import of the evidence," however, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 250-51. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor." *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

This same general analysis applies even when a summary judgment motion, as here, is unopposed. *See Rakowski v. City of Brigantine*, No. 19-21847, 2022 WL 326992, at *2 (D.N.J.

Feb. 3, 2022) (citing *Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev.*, 922 F.2d 168 (3d Cir. 1990)). However, Local Civil Rule 56.1 provides that "any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion." L. Civ. R. 56.1(a).

## IV.   DISCUSSION

Moving Defendants argue that there are no genuine issues of material fact outstanding regarding whether Plaintiff can sustain an Eighth Amendment claim against them such that they are entitled to summary judgment. For the following reasons, this Court agrees.

As noted in this Court's February 26, 2020 Opinion, courts have analyzed "rough ride" Eighth Amendment claims applying either a deliberate indifference or excessive force standard. *See Pagliaroli*, 2020 WL 914666, at *6 n.6 (collecting cases applying either a deliberate indifference or excessive force standard to a "rough ride" Eighth Amendment claim). Under a deliberate indifference standard, a plaintiff must show:

   (1) he was incarcerated under conditions posing a substantial risk of harm,

   (2) the official was deliberately indifferent to that substantial risk to his health and safety, and

   (3) the official's deliberate indifference caused the harm.

*Williams v. City of Phila.*, No. 17-2697, 2020 WL 315594, at *5 (E.D. Pa. Jan. 21, 2020) (quoting *Bistrain v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994))). A court applies a subjective standard in determining whether there is deliberate indifference, namely "'the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety.'" *Bistrain*, 696 F.3d at 267 (quoting *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001)). Prison officials though have a duty to "take reasonable measures to guarantee the safety of inmates." *Farmer*, 511 U.S. at 832.

In *Williams*, the United States District Court for the Eastern District of Pennsylvania analyzed several "rough ride" cases. In analyzing these cases, the court in *Williams* explained that "liability arises not from a defendant driving recklessly or from the absence of seat belts, but rather from the defendant intending to harm a prisoner or refusing to slow down or fasten a prisoner's seat belt despite the prisoner's complaint." *Williams*, 2020 WL 315594, at *6.

The United States Court of Appeals for the Fifth Circuit analyzed a prisoner's injuries in the context of transportation in *Baughman v. Hickman*, 935 F.3d 302 (5th Cir. 2019), a case heavily relied upon by Moving Defendants in their Brief in support of their Motion for Summary Judgment. (*See* ECF 119-3 at 15-20). In *Baughman*, the defendant drove the plaintiff-prisoner while he was handcuffed, shackled and not secured by a seatbelt in a reckless manner. *See id.* at 305. The plaintiff in *Baughman* was thrown from his seat when the vehicle hit a pothole or speedbump causing plaintiff to sustain injuries. *See id.* The Fifth Circuit held, however, that despite plaintiff's sworn statement that the defendant applied rapid speed changes to the van (though not necessarily speeding), while plaintiff was thrown from his seat when the vehicle hit something in the road, this was not evidence that the defendant was driving in a manner that created a substantial risk of serious harm. *See id.* at 308. Furthermore, the Fifth Circuit noted that there was no evidence that plaintiff asked to have his seatbelt fastened or that plaintiff asked the defendant to slow the vehicle down that would support that the defendant was subjectively aware of the risk of harm to plaintiff. *See id.* at 309.

Comparatively, in *Brown v. Fortner*, 518 F.3d 552 (8th Cir. 2008), a case also discussed in *Williams*, the United States Court of Appeals for the Eighth Circuit denied summary judgment in favor of defendant in a "rough ride" case concluding:

> that since the evidence showed plaintiff was prevented from securing his seat belt and had made multiple requests to be secured

6

> with a seat belt, and that the defendant drove recklessly and ignored the passengers' requests to slow down, there was evidence from which a reasonable jury could conclude that "there was a substantial risk of harm to [the plaintiff]" and that the defendant "knew of and disregarded the substantial risk [of] harm."

*Williams*, 2020 WL 315594, at *7 (citing *Brown*, 518 F.3d at 560).

Accordingly, whether a defendant intended to harm the plaintiff-prisoner, refused to fasten a plaintiff-prisoner's seat belt, slow down or intervene despite a plaintiff-prisoner's request, affects whether material issues of fact remain outstanding in a "rough ride" case. Nevertheless, where a plaintiff only states that he did not have a seat belt or that a defendant drove recklessly, that does not establish a material issue of fact regarding a deliberate indifference claim under the Eighth Amendment for a "rough ride." *See*, e.g., *Williams*, 2020 WL 315594, at *7 (citations omitted) (collecting district court cases within the Third Circuit analyzing "rough ride" claims).

The record in this case does not indicate that Plaintiff told Moving Defendants to slow down or that they were aware their actions may have been harmful to Plaintiff. Indeed, when Plaintiff was thrown in the back of the van, Plaintiff admits Moving Defendants stopped the van to see if he was alright. Further, there is no evidence that Plaintiff asked Moving Defendants to slow down. Upon arriving at NJSP, Plaintiff was placed in a wheelchair and sent to the medical department where he was evaluated. Based on these facts that Plaintiff does not dispute, this Court finds there are no genuine issues of material fact outstanding that would lead a reasonable jury to conclude that the Moving Defendants were deliberately indifferent to Plaintiff. Thus, Moving Defendants are entitled to summary judgment on Plaintiff's Eighth Amendment claims applying the deliberate indifference standard.

Nonetheless, as noted *supra*, some courts apply an excessive force standard in analyzing Eighth Amendment "rough ride" cases. For the reasons stated below, however, Moving

Defendants are also entitled to summary judgment on Plaintiff's claims against them if this standard is applied instead.

Courts applying an excessive force standard under the Eighth Amendment must analyze "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *McKinney v. Lanigan*, No. 18-8618, 2022 WL 10075302, at *5 (D.N.J. Oct. 17, 2022) (quoting *Hudson v. McMillian*, 502 U.S. 1, 6-7 (1992)). In this case, Plaintiff fails to show that there are genuine issues of material fact outstanding with respect to whether the Moving Defendants could be liable to Plaintiff applying an Eighth Amendment excessive force standard. Plaintiff fails to show that the Moving Defendants intended to cause harm or that they acted maliciously or sadistically. Instead, as noted above, the Moving Defendants stopped the van to see if Plaintiff was injured and asked him if he was alright when Plaintiff was thrown from his seat. Accordingly, Moving Defendants are also entitled to summary judgment under an Eighth Amendment excessive force standard.

Because Moving Defendants are entitled to summary judgment on the merits of Plaintiff's Eighth Amendment claims, this Court need not analyze Moving Defendants' alternative arguments that Plaintiff's claims against them are time-barred and/or that they are entitled to qualified immunity.

## V. CONCLUSION

For the foregoing reasons, Moving Defendants' Motion for Summary Judgment is granted. Moving Defendants are entitled to summary judgment on Plaintiff's § 1983 and NJRCA claims against them. An appropriate Order will be entered.

DATED: January 31st, 2023

s/ *Georgette Castner*
GEORGETTE CASTNER
United States District Judge